IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LEAZAA GREENROAD-FORD § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | Civil Action No. 1:19-cv-00396 | |
| § | | |
| LIBERTY MUTUAL INSURANCE § | | |
| COMPANY § | (JURY) | |
| § | | |
| Defendant. § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation *incorrectly sued as Liberty Mutual Insurance Company* ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 128th District Court of Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and in support thereof shows as follows:

**A.   Introduction**

1.   Plaintiff Leazaa Greenroad-Ford ("Plaintiff") commenced this lawsuit against Defendant in the 128th District Court of Orange County, Texas, by filing her Original Petition on or about July 25, 2019.  Plaintiff served the Original Petition on Defendant on August 7, 2019. A true and correct copy of the Plaintiff's Original Petition and Notice of Service of Process are attached hereto as Exhibit "A."  A true and correct copy of Defendant's Answer to Plaintiff's Original Petition and Defendant's Jury Demand filed on August 26, 2019 is attached hereto as Exhibit "B."

2. Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract and statutory insurance code violations resulting from the alleged conduct of Defendant. Plaintiff's claims arise under a homeowner's policy of insurance issued by Defendant on real and personal property owned by Plaintiff, located in Orange County, Texas, which is alleged to have been damaged by Hurricane Harvey. Plaintiff alleges Defendant underpaid the claim and otherwise failed to properly investigate and adjust the claim.

**B.    Jurisdiction & Removal**

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Liberty Insurance Corporation is a corporation organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.

6. In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, Plaintiff's Petition states that the damage she is seeking is estimated at $176,742.46. (See Sections V and VII of the Original Petition). Therefore, the amount in controversy exceeds $75,000.00.

7. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

8. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 128th Judicial District Court of Orange County, Texas pursuant to 28 U.S.C. § 1446(d).

9. Attached hereto are all documents required by 28 U.S.C. § 1446(a).

10. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and Eastern District Federal Court local Rule CV-38(a).

11. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

12. Defendant filed a Plea in Abatement in State Court which is also being filed in this Court.

WHEREFORE, Defendant Liberty Insurance Corporation hereby removes the above-captioned matter, now pending in the 128th District Court of Orange County, to the United States District Court for the Eastern District of Texas, Beaumont Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

　　　/s/ *J. Mark Kressenberg*
J. Mark Kressenberg, Attorney in Charge
JKressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Dawn A. Moore
Dmoore@sheehyware.com
Fed. Adm. No. 558181
Texas State Bar No. 24040447
909 Fannin Street
Two Houston Center, Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 4th day of September, 2019, to the following counsel of record:

David Dies
Dies Law Firm
1703 Strickland Drive
Orange, Texas 77630
(409) 883-0892
(409) 670-0888 – Fax
rherford@dieslaw.com

　　　/s/   *J. Mark Kressenberg*
J. Mark Kressenberg

3557464_1.docx